UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAINA LISNAWATI, <br><br> Plaintiff, <br><br> v. <br><br> DEUTSCHE BANK NATIONAL TRUST COMPANY, <br><br> Defendants. | No. C 12-00940 DMR <br><br> **ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING ACTION WITHOUT PREJUDICE** |

On February 17, 2012, Plaintiff Shaina Lisnawati filed a complaint and an application to proceed *in forma pauperis* in this action. On March 1, 2012, the court ordered Plaintiff to supplement her application by submitting a statement indicating the full amount of the mortgage owed on her home, and not just the monthly payment on the mortgage, by no later than March 9, 2012. Because Plaintiff did not timely file such supplemental information, the court ordered Plaintiff to submit a statement explaining why she did not respond to the court's March 1, 2012 Order, as well as provide the requested information, by no later than March 26, 2012. Plaintiff filed a timely response to the order to show cause and provided additional information in support of her IFP application.

After reviewing Plaintiff's application, the court determines that Plaintiff meets the financial requirements of 28 U.S.C. § 1915. The court therefore GRANTS the application to proceed *in forma pauperis*.

Even when a court grants a plaintiff's motion to proceed *in forma pauperis*, the court may dismiss a case *sua sponte* if the court determines that the party applying for *in forma pauperis* status has filed a frivolous or malicious action, or if the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Under 28 U.S.C. § 1915, a frivolous claim is one that lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal on these grounds is often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints. *Id.* at 324. Where a complaint fails to state that any constitutional or statutory right was violated and fails to assert any basis for federal subject matter jurisdiction, there is no arguable basis in law and the court may dismiss the complaint under 19 U.S.C. § 1915(e)(2)(B). *Neitzke*, 490 U.S. at 327 n.6 ("A patently insubstantial complaint may be dismissed, for example, for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).")

The Court determines that it does not have jurisdiction over this matter. Although the complaint asserts diversity of citizenship as the basis for the court's jurisdiction, the complaint alleges that Plaintiff Lisnawati resides in California and Defendant Deutsche Bank National Trust Company ("Deutsche Bank") is a corporation doing business in California. Compl. ¶¶ 5, 7. The court further takes judicial notice that in an action filed in another district, *Deutsche Bank Nat. Trust Co. v. Antonino*, 2012 WL 893734, *2 (C.D.Cal., March 15, 2012), Deutsche Bank, appearing as a plaintiff there, represented to the court that it "is a national banking association with its principal offices located in California." Because Plaintiff and Defendant Deutsche Bank both appear to be citizens of California, and are not of diverse citizenship, the court lacks diversity jurisdiction.

The court further determines that there is no federal question jurisdiction over Plaintiff's complaint. The complaint alleges three causes of action arising under state law: declaratory relief, injunctive relief, and cancellation of instrument/foreclosure/quiet title. No federal question is presented on the face of Plaintiff's complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

2

The court therefore dismisses without prejudice Plaintiff's complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).[1]

IT IS SO ORDERED.

Dated: April 16, 2012

DONNA M. RYU
United States Magistrate Judge

---

[1] A magistrate judge generally must obtain the consent of the parties to enter dispositive rulings and judgments in a civil case. *See* 28 U.S.C. § 636(c)(1). However, in cases such as this one, where the plaintiff has consented but not served the defendants, "all parties have consented pursuant to 28 U.S.C. § 636(c)(1)," and a magistrate judge therefore "'may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case.'" *Gaddy v. McDonald*, 2011 WL 5515505, at *1 n.2 (C.D. Cal. Nov. 9, 2011) (quoting § 636(c)(1)) (citing *United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1995)); *Third World Media, LLC v. Doe*, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011)); *see also Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir.1995) (holding that magistrate judge had jurisdiction to dismiss action as frivolous without consent of defendants because defendants had not yet been served and therefore were not parties).